CHARLES DYER, Plaintiff in Error, *v.* FREDERICK C. KRAYER, Defendant in Error.

*Practice—Pleading—Note.*—A petition upon a note by an endorsee must allege the endorsements by which the plaintiff claims title. The note and its endorsements are no part of the petition, and cannot be made such by reference thereto.

*Error to St. Louis Court of Common Pleas.*

*P. C. Morehead*, for plaintiff in error.

*Hill & Babcock*, for defendant in error.

HOLMES, Judge, delivered the opinion of the court.

The case is presented here on demurrer to the petition. The demurrer being sustained, and the plaintiff refusing to amend the petition, there was judgment for the defendant on the demurrer. The petition was founded upon a negotiable note payable to the order of George W. Goode. It contained no distinct allegation of the endorsements through which the plaintiff derived title to the note, but averred that "said note was endorsed to the plaintiff by L. A. Darue, for value received, who, as appears by the endorsements thereon, was the endorsee of the said George W. Goode, whereby the plaintiff, who is the holder, and the last endorsee thereof, is entitled to the same."

The ground of demurrer was, that the petition did not set forth a sufficient cause of action, for the reason that it did not aver that the note was ever endorsed by the payee to L. A. Darue, nor show that the plaintiff had any claim or legal interest in the note, or any right to bring this suit.

The usual averment of an endorsement is, that the one party endorsed and delivered the note to the other. The allegation that "the note was endorsed to the plaintiff by L. A. Darue, for value received," might be deemed sufficient; but as to the endorsement of the payee to Darue, there is no positive averment whatever, but only that he was endorsee

as appears by the endorsements thereon. The endorsements were no part of the petition. It was not enough that it should so appear on the note filed. There should have been some distinct and positive averment of the fact in the petition; then the note might have been admissible in evidence to prove the allegation. We think the demurrer was well taken.

Judgment affirmed. Judge Wagner concurs; Judge Lovelace not sitting.